## SARAH BUSWELL *vs.* THOMAS R. BICKNELL.

Where an election is given to the party receiving a chattel to return it, or to pay a sum of money, by a given day, the property in the chattel immediately vests in him.

Where the owner of a cow delivered her to another, on his promise to pay a certain sum of money therefor by a given day, or to return the cow and pay a lesser sum for the use thereof, the property in the cow immediately passed from the former to the latter.

REPLEVIN for a cow. The taking was alleged to have been on *May* 25, 1835. The defendant claimed the right to take the cow as his own property. At the trial before SHEPLEY J. it appeared by the testimony of several witnesses, introduced by the respective parties, that the cow was formerly the property of the defendant, and had been for about a year in the possession of the plaintiff ; that the defendant took her from the plaintiff's pasture, *May* 25, 1835 ;

and that the cow came into the possession of the plaintiff in *June*, 1834, under a verbal contract, that she should pay for the cow to the defendant, by *April* 4, 1835, sixteen dollars, or return the cow and pay four dollars for her use. The plaintiff attempted to prove that she had paid the defendant for the cow before the time stipulated, and it appeared she had made payments to him in *Feb.* 1835, to an amount exceeding the price of the cow, and that the time of payment for the cow was in *June* instead of *April*. The defendant contended, that the money was paid for hay previously had of him by the plaintiff.

. The counsel for the plaintiff insisted, at the trial, that the action was maintainable upon the evidence; that if the year expired by *April* 4, 1835, the defendant by delay had waived a strict compliance with any condition, if any such existed, and could not take the property; that if the year expired in *June*, as the plaintiff contended it did, the defence was not made out; and that if on the general account, the balance was in favor of the plaintiff, the action was maintainable.

The Judge instructed the jury, that if the cow was taken by the defendant before the year had expired, and the plaintiff had not performed her contract, and had not brought her suit until after the expiration of the year, it could not be maintained; that the defendant had a right to take the cow, though the time had elapsed, if there had been no performance of the contract by the plaintiff; and that the plaintiff must show a special appropriation of the money paid to this contract, to have a performance of it, although on general account she might be a creditor. The verdict for the defendant was to be set aside, if the instructions were erroneous.

*J. Appleton*, for the plaintiff, contended, that by the terms of the contract the property in the cow passed to the plaintiff at the time it was made. *Hurd* v. *West*, 7 *Cowen*, 752; *Wilson* v. *Finney*, 13 *Johns. R.* 358; *Holbrook* v. *Armstrong*, 1 *Fairf.* 31.

Other points made in the case were argued, but the decision is founded only on this.

*J. Godfrey*, for the defendant, contended, that the true contract was, that the cow should remain the property of the defendant, unless the plaintiff should become the purchaser on the payment

of a certain sum by a given day. The sale was a mere conditional one, and the condition has not been performed:

The opinion of the Court was drawn up by

Weston C. J. — The plaintiff received a cow from the defendant, for which she was to pay, by the fourth of *April* following, sixteen dollars, or to return the cow and to pay four dollars for her use. The question is, whether the property in the cow passed to the plaintiff, or whether it remained in the defendant, the plaintiff being merely bailee.

Sir *William Jones*, in his treatise on bailments, 143, says, "there is a distinction between an obligation to restore the specific things, and a power or necessity of returning others equal in value. In the first case, it is a regular bailment; in the second, it becomes a debt." *Story on Bailments*, c. 6, § 439, says, "the distinction between the obligation to restore the specific things, and a power of returning other things equal in value, holds in cases of hiring, as well as in cases of deposits and gratuitous loans. In the former case, that is, the obligation to restore the specific thing, it is a regular bailment; in the latter, viz. where there is a power of returning other things equal in value, it becomes a debt."

This doctrine is recognized in *Hurd* v. *West*, 7 *Cowen*, 752, and is further illustrated in a note to that case. The cases to which this principle is usually applied are, where the article received is to be returned in kind, or in the alternative, either specifically or by an article of the same kind, either in the same condition or in a manufactured state. In all such cases, the property passes to him, who would otherwise be merely a bailee. *Seymour* v. *Brown*, 19 *Johns.* 47, may seem in its application to be an exception to this principle; but *Chancellor Kent* says, that this decision was not in conformity to the true and settled doctrine. 2 *Kent*, 589. Whether the alternative is, to return specifically or in kind, or specifically or to pay a certain sum, the principle is the same. The property in the thing delivered passes, and the remedy of the former owner rests in contract. It is the option conceded to the party receiving, which produces this effect. He may do what he will with the article received. If he pays, he fulfils his contract. If he neither pays nor returns, he is liable to an action.

In *Holbrook* v. *Armstrong*, 1 *Fairf.* 31, where cows were delivered, to be returned at the end of two years, or their value in money, the doctrine was very fully gone into by *Parris J.* who delivered the opinion of the court; and it was held not to be a bailment, but a sale. The same rule was applied to a similar case in *Dearborn* v. *Turner*, 16 *Maine Rep.* 17. That case is not to be distinguished from the one before us.

*New trial granted.*