# Robinson & Ledyard *v.* Fairbanks & Company.

*Action for Recovery of Goods in Specie.*

1. *Sale by bailee, or by purchaser with option to return.*—A bailee of goods can not sell and transfer a title which will prevail against the bailor; but a purchaser of goods, with an option to return what remains unsold on a given day, may sell and transfer a good title to a purchaser for value.

2. *Who is purchaser for value.*—A *bona fide* creditor, who takes a stock of goods from his debtor in absolute payment of his debt, which exceeds the value of the goods, also surrendering independent securities, is a purchaser for value.

3. *Contract construed as purchase with option to return, and not bailment.*—Where goods are delivered by an agent of wholesale dealers, or manufacturers, to a customer, on the agreement that they are to be paid for on a specified day in the future, if sold by that time, and that what then remains unsold shall be taken back; the contract is not a bailment, but a sale with an option on the part of the purchaser to return the goods remaining unsold on the specified day.

4. *Same; proposal to modify.*—The purchaser having sold a portion of the goods, of which he notified the vendor, offering to pay for the portion sold, and to hold the balance subject to the vendor's order; this proposal, being made before the day specified in the original contract, and not being accepted by the vendor, does not change that contract, nor affect the purchaser's right to sell the residue of the goods to a purchaser for value.

APPEAL from Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of detinue for certain boxes of soap brought by N. K. Fairbanks & Co., original vendors, against Robinson & Ledyard, alleged fraudulent sub-purchasers from Rushton & Co., original vendees. Judgment was rendered in favor of plaintiffs.

The opinion of the court contains a statement of all material facts.

TROY, TOMPKINS & LONDON, for appellants.

RICE & WILEY, *contra.*

SOMERVILLE, J.—Whether the plaintiff be entitled to recover in this action, which is one in detinue for specific property, depends upon a single inquiry—and that is whether the delivery of the goods by the plaintiffs, Fair-

VOL. LXXXI.

banks & Co. to Rushton & Co., was a mere bailment with an option to purchase, or a sale with an option to return. If the former, no title passed to Rushton & Co., and they being bailees, could not lawfully transfer title to the defendants. If the latter, being vendees, they could transfer a good title.

The evidence shows that the soap—thirty-five boxes—was, sometime in September of 1885, delivered by plaintiff's agent to Rushton & Co., with the agreement that it was to be paid for January first, 1886, if sold by that time ; and, if not sold, the plaintiffs were to take off their hands so much as remained unsold. The sale to Robinson & Ledyard, the defendants in this action, took place on December 16, 1885. But prior to this sale—namely, on December 9th, 1885—Rushton & Co. notified the plaintiffs that they had sold a part of the soap, for which they were ready to pay, and that the balance was "subject to their order." To this the plaintiffs did not give assent, but referred the matter to their agent who originally conducted the transaction, and, before he assented to it, the sale to defendants was consummated—all of which, it will be remembered, occurred before the first day of January, 1886.

We first observe, that there can be no question about the fact that the defendants, if the evidence is to be believed, were *bona fide* purchasers of the goods for value, and without notice of any alleged defect in the title of Rushton & Co. just as fully as if they had paid the cash for them.—*Spira v. Hornthall*, 77 Ala. 137 ; *Rogers v. Adams*, 66 Ala. 600.

We next inquire what effect the notice given by Rushton & Co. to plaintiffs on December 9th, 1885, had upon the title of the goods then on hand. This notice was to the effect that they would pay for the soap *then* sold, and hold the balance subject to plaintiffs' order. This was not the original agreement of the parties, but an entirely *new contract*. The original agreement was for plaintiffs to take what remained unsold on January first, 1886,—a time which had not then arrived. It may be that none would be on hand on that day, if sales were continued ; and such in fact was the case, for the entire lot was sold on December 16th, as above stated. The plaintiffs not having assented to this new proposition prior to this sale, it did not operate to change the original agreement, or have any effect upon the rights of the parties under it.

In our judgment, the contract was not a bailment, or a "sale on trial" or "approval," in which there is no sale until an approval is given, expressly or by implication. But it more nearly resembles a contract, or bargain of

"sale or return," which vests the property in the goods, or so much of them as remained on hand at a fixed day in the future. This day is stated to be January first, 1886. Until then Rushton & Co. had an unquestionable right to sell the goods, for cash, on credit, or in satisfaction of their antecedent debts. And even after such date, the goods still unsold and on hand were theirs, with an option to return them to the plaintiffs, which is nothing more or less than a mere privilege to rescind the sale. The correspondence of the parties emphasizes this construction of the transaction. The plaintiffs speak of having "sold" the goods, and Rushton & Co. of having "bought" them. The relation of principal and agent, or bailor and bailee, was evidently not within the intention of either of the contracting parties. 2 Benj. on Sales (Corbin's Ed.), § 911, *note* 27, §§ 913, 915, and *note* 30 ; Story on Sales, (4th Ed.), §§ 249–250 ; *Buswell v. Bricknell*, (17 Me. 344) ; s. c. 35 Amer. Dec. 262; 1 Parsons on Contracts, (7th Ed.), *539.

The rulings of the court were entirely opposed to this view of the law, and were erroneous. The general charge requested by the defendants should have been given.

Reversed and remanded.