# DeLacy *v.* Tillman.

83　155
115　406

*Trover for Conversion of Steam-Engine.*

1. *Steam-engine as fixture, as between mortgagor and mortgagee.*—A steam-engine, put on mortgaged lands by the mortgagor, used in running a cotton-gin, attached to the ground only by its own weight, and not connected with any substance which constitutes a part of the realty, is *prima facie* a chattel, and may be removed at pleasure by the mortgagor; but, if intended by him as a permanent accession to the freehold, and an enhancement of the value thereof, it would become a part of the realty, and its unauthorized severance by him would not affect the right or title of the mortgagee.

2. *Charge confused, or tending to mislead, if unexplained.*—A charge given, which, though its phraseology is confused, or having a tendency to mislead the jury, yet asserts a correct legal proposition, is not a reversible error, since the adverse party may protect himself by requesting an explanatory charge.

Appeal from the Circuit Court of Russell.

Tried before the Hon. J. M. Carmichael.

This action was brought by William L. Tillman, against J. M. DeLacy, to recover damages for the conversion of a steam-engine; and was commenced on the 29th September, 1884. On the first trial, there was a verdict and judgment for the defendant; but the judgment was reversed by this court on appeal, and the cause was remanded.—*Tillman v. DeLacy*, 80 Ala. 103–07. The engine was put up by W. D. Grace and E. S. Grace, in 1881, on a tract of land which they had bought from said W. L. Tillman, the plaintiff, and

had executed a mortgage on said land to secure the payment of the purchase-money. The mortgage was foreclosed by sale under a decree in chancery, in November, 1883, the plaintiff becoming the purchaser at the sale by the register. As to the character of the engine, its location and condition, the bill of exceptions contains these recitals: "The evidence tended to show that the engine was bought and put on the land, in 1881, by said W. D. and E. S. Grace, some eighty to one hundred feet from the gin-house, connecting with the gin by a wire band; that it was six and a half horse power, called 'portable' by some, placed on pieces of scantling, or small sills resting on the ground, and kept in place by its own weight; that it was used as the motive power for operating the gin, which was used for ginning the cotton raised on said land, ranging from nine to twenty-eight bales, and also for ginning for the public for toll, amounting to from sixty to one hundred bales a year; that a house (or shelter) was erected over and around it, built of scantling and weather-boarding, covered with plank, and having a door and small window in it; and that the engine could not be removed without taking down this building, or a part of it." After plaintiff's purchase at the sale by the register, "he told E. T. Grace that he might remain on the farm, and use the engine to prepare his crop for market." After this, the connecting band having been broken, and thereby shortened when repaired, Grace "moved the engine out of the house, and nearer to the gin;" and in July, or August, 1883, he sold the engine to the defendant, in payment of an account, for about $550. This contract was verbal, and the defendant agreed, at the same time, to let the engine remain where it was until the growing crop had been ginned; and it was removed from the premises in December, 1883.

This being "substantially all the evidence," the court gave the following charges to the jury, on request of plaintiff:

"1. Although the engine was what is called a portable engine, yet, if the jury believe from the evidence that W. D. Grace put it upon the premises for the purpose of furnishing the motive power for ginning the crop of cotton to be grown on the premises, and such other cotton as might be brought there, and with the intent of enhancing the value of said premises, and rendering their use and occupation more convenient and profitable, and to make it a permanent annexation to the use, and did afterwards use said engine for either or all of such purposes, and with such intention, then

[DeLacy v. Tillman.]

the engine became and was a part of the land on which it was so placed; and if the jury further find from the evidence that the engine was on the land at the time of plaintiff's purchase, on the place where it had been placed and used, then plaintiff is entitled to recover the value of said engine at the time of its removal from said premises, with interest thereon until now, if they find that defendant did remove and convert said engine to his own use.

"2.   If the engine was a fixture at the time of the death of W. D. Grace, and up to the time of its alleged sale by E. S. Grace to defendant, then said sale to defendant, if in fact it was so made, was void under the statute of frauds, and conveyed no title which can prevent a recovery by plaintiff.

"3.   If the jury believe that the engine was an upright engine, and rested on brick or plank on the ground, being sustained in place by its own weight; and that a house was erected over it, the sills of which rested on the ground, not being let into the soil; and that the engine was connected by a band with the gin, situated about eighty or one hundred feet distant; and that the house containing the engine had no other opening than a small window, and the engine could not be removed from it without breaking the house for that purpose; and that said engine was to furnish motive power for ginning the cotton raised on the premises, and the cotton of other persons for toll; then the jury may find, from this and other evidence, that the engine was intended, in the absence of other proof to the contrary, as a fixture, and passed with the land, when sold, to the purchaser."

These charges, to which the defendant duly excepted, are now assigned as error.

L. W. MARTIN, for appellant.

NORMAN & SON, contra.

CLOPTON, J.—On the former appeal (80 Ala. 103), we held, that the engine in controversy, not being connected with any substance constituting a part of the realty, being attached to the land only by its own weight, and being used only to furnish motive power to the gin, is to be considered, *prima facie*, a chattel; and whether it lost its original character, and became a part of the realty, depended on the intention of the mortgagor; the *onus* being on the plaintiff to

[DeLacy v. Tillman.]

show intention to make it a permanent accession to the freehold, and an enhancement of its value; and that the inference of intention should be submitted to the jury. The charge of the court clearly and distinctly submitted this question to the determination of the jury. It is not obnoxious to the objection, that it is involved and uncertain. If the engine was annexed to the realty, in such manner, for such use, and with such intention as to constitute it a fixture, the right of plaintiff attached *eo instanti*, and could not be impaired or destroyed by a subsequent severance without his consent. If not a fixture, no right attached whether or not severed. The question of severance is immaterial.

The court further instructed the jury, that from certain facts hypothetically stated, and the *other evidence*, they may find the intention that the engine should be a fixture. The phraseology may be calculated to mislead, and is objectionable on this ground; but this is not a reversible error, unless it appears that the jury were misled. From the manner of annexation, the use to which the engine was adapted, and for which it was employed, the period of time it was so used, the circumstances under which it was annexed, and the occurrences subsequent to the sale by the register, the intention to make it a fixture may be reasonably drawn. This inference was left to the jury; and if the defendant apprehended that the charge might mislead them, as an instruction that such inference *should* be drawn, he could have avoided this consequence by a countervailing explanatory or modifying charge.

The remaining charge, which was requested by plaintiff, asserts the proposition, that the contract of sale between the mortgagor and the defendant is void under the statute of frauds, founded on the preliminary fact being ascertained, that the engine was a fixture. If such be the fact, the right of the plaintiff to a recovery is the same, whether the contract of sale was verbal or written, valid or invalid, as between the parties. Conceding that the charge is erroneous, for the reason, that strangers can not set up the statute of frauds to avoid a contract, or for any other reason, it did not, and could not, affect the right of the plaintiff, nor the liability of the defendant, which solely depended on the question whether the engine was a fixture, the other facts being undisputed.

Affirmed.