[Darby & Co. v. Kroell.]

92  607
93  501

92  607
114  308

92  607
117  288

92  607
129  29£

# Darby & Co. *v.* Kroell.

*Action against Sureties on Official Bond of Sheriff.*

1. *Fraudulent purchase of goods; when vendor may rescind.*—To authorize the vendor of goods, sold on a credit, to rescind the contract, and reclaim the goods, it must appear (1) that the purchaser was at the time insolvent, or in failing circumstances; (2) that he had no intention of paying for the goods, or reasonable expectation of being able to do so; (3) that he intentionally concealed these facts, or made a fraudulent representation in regard to them; *and* (4) that the sale was induced by such fraudulent representation or concealment.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

The facts as they appear from the bill of exceptions are substantially and sufficiently set forth in the opinion of this court; One of the members of the partnership of Darby & Co., in his deposition, testified among other things, that his firm thought that they were selling goods to H. C. & W. B. Reynolds, a reputable firm doing business in the same town, as did Reynolds & Co. But there was no evidence introduced that the said Reynolds & Co. undertook to personate the said firm above referred to, or that they informed the plaintiffs that they were such firm. On the contrary it appears, that the said Reynolds & Co. were doing business under that name, and, as far as the evidence goes, they bore that name in that community. The plaintiffs asked the court to give the following charges in writing : (4) "If the jury believe from the evidence that Reynolds & Co. had abandoned the possession of the goods mentioned in the complaint, and had gone off not intending to return, and did not return, then, if they further believe from the evidence that the Shapley Hardware Company levied the attachment after said Reynolds & Co. had gone, they will find for the plaintiffs." (5.) "If the jury believe from the evidence that Reynolds & Co. ordered the goods described in the complaint from the plaintiffs, not intending to pay for them when the order was made, then the jury will find for the plaintiffs, provided the sheriff sold the said goods." (6.) "If the jury believe from the evidence that the firm of Reynolds & Co. had no person composing said firm whose name was Reynolds, then they may look to this fact in determining what Reynolds & Co. made the order under the firm name of Reynolds &

Co. for, providing they did make the order." The court re-
fused to give each of these charges as requested, and the plain-
tiffs separately excepted to the refusal of each. The defend-
ant then requested the court to give the following charges in
writing to the jury :   (1) "If the jury believe from the evi-
dence that Darby & Co. relied upon what the commercial
agency told them, and not upon any representations or con-
cealments, or other artifices of Reynolds & Co., in making the
shipment of the goods to them, then there was no legal fraud
practiced on Darby & Co., and the title to the goods passed,
and the jury must find for the defendants." (2) "In order to
constitute fraud by Reynolds & Co., upon Darby & Co., they,
Darby & Co., must have relied upon what Reynolds & Co.
did and said in the purchase of the goods." The court gave
each of these charges as requested by the defendants, and the
plaintiffs separately excepted to each one of them as given.

The plaintiffs appeal, and assign as error the rulings of the
lower court upon the charges asked.

W. S. CAREY, for appellant, cited *Alexander v. Swockhamer*,
105 Ind. 81 ; *Edmunds v. Transportation Co.*, 135 Mass.
*Barker v. Dinsmore*, 72 Pa. St. 427.

No counsel marked for appellee.

McCLELLAN, J.—Darby & Co. sold goods to Reynolds &
Co., on a credit of sixty days. Soon afterwards R. & Co. ab-
sconded, and attachments were levied at the suit of other
creditors on certain goods, including those sold by D. & Co.,
left by them in the store which they had occupied. D. & Co.
asserted the right to rescind the sale to R. & Co. on the ground
of fraud, and demanded the goods from the sheriff, who refused
to give them up, and sold them under the attachments. The
present action is prosecuted by Darby & Co. against the sure-
ties on the official bond of the sheriff, to recover the value of
the said goods, as for a conversion by their principal under
color of office. The point of contest in the court below seems
to have been, whether such fraud was committed by Reynolds
& Co. in the purchase from Darby & Co., as entitled the latter
to rescind the sale, and invest themselves with the title to the
property ; and the record presents for our review only rulings
of the trial court upon that point.

The repeated adjudications of this court have established
the doctrine, that to authorize a rescission of a sale of chattels,
on the ground of fraud, it must at least be made to appear,
(1) that the purchaser was, at the time of the transaction,

insolvent, or in failing circumstances; (2) that he had no intention of paying, or reasonable expectation of being able to pay for the goods, at the time of the purchase; (3) that he intentionally concealed these facts, or made a fraudulent representation in regard to them.—*Loeb & Bro. v. Flash Bros.*, 65 Ala. 526; *Hornthall v. Schonfeld*, 79 Ala. 107; *Le Grand & Hall v. Eufaula Nat. Bank*, 81 Ala. 123; *Robinson v. Levi*, 81 Ala. 134; *Wollner v. Lehman, Durr & Co.*, 85 Ala. 274. These authorities do not, in terms, make the right of rescission depend upon the further consideration, that the sale was induced by the fraudulent representation, or resulted from a want of knowledge on the part of the vendor of some material fact which the purchaser fraudulently concealed from him; but this absence of reference to the familiar doctrine, that fraud for which a contract may be rescinded must have conduced to its execution, is due to the fact, that the exigencies of those cases did not require a consideration of that question, there being no evidence in any of them which tended to show that the seller did not rely on the statements of the purchaser, and not to the idea that the general rule was not applicable to this class of cases. There is, and can be indeed, no reason why it should not fully obtain in a case like this, and defeat rescission and recovery, when the jury find that, though false representations have been made, and fraudulent concealments have been resorted to, the seller did not rely or act on such representation, and was not influenced by a state of facts which the purchaser's concealments induced him to believe existed. "However false and dishonest the artifices and contrivances may be," says Mr. Benjamin, "by which one man may attempt to induce another to contract, they do not constitute a fraud, if that other knows the truth, and sees through the artifices and contrivances. . . . And even if the one party is unaware of the truth, yet if the artifice adopted by the other has not induced him to enter into the contract, that is to say, if the fraud is not *fraus dans locum contractui*, he will not be entitled to relief."—1 Benjamin on Sales, § 637; *Gregory v. Schoenell*, 55 Ind. 101; *Sledge v. Scott*, 56 Ala. 202.

The evidence on the trial tended to show insolvency, preconceived design not to pay, and fraudulent representations bearing on these facts, on the part of the purchasers; but it further tended to show that Darby & Co. did not rely upon, and were not influenced by these representations. The charges given at defendants' request were based on these tendencies of the testimony, and they correctly set forth the doctrine we have been considering, that "a fraud by which no one is deceived or induced to act, is harmless in the law." If, as is

[Penton v. Diamond.]

insisted by counsel, these charges tended to mislead the jury, requests for explanatory instructions should have been preferred. This tendency affords no ground for a reversal.—*Smith v. State*, 86 Ala. 28; *Blackburn v. State*, 86 Ala. 595; *Delacy v. Tillman*, 83 Ala. 155.

There is no evidence in this record that "Reynolds & Co." assumed that name and style for the purpose of personating the firm of H. C. & W. B. Reynolds, a reputable concern doing business in the same town. It does not appear but that one or more of the men who held themselves out as Reynolds & Co. bore the name of Reynolds. The fact that Darby & Co. assumed that "Reynolds & Co." was one and the same with H. C. & W. B. Reynolds, and upon that assumption sold to Reynolds & Co., does not avoid the sale. The title passed to Reynolds & Co. as completely for all purposes as if the mistake had not been made by the sellers, and they had no more right to take the possession of the goods sold, when abandoned by the purchasers, than did any other creditor.—*Edmunds v. Transportation Co.*, 135 Mass. 283.

These considerations serve to demonstrate that charges 4 and 6 requested by the plaintiffs were properly refused.

Charge 5, requested by plaintiffs, based their right to rescind the sale and revest title in themselves upon the one hypothesis that Reynolds & Co. did not intend to pay for the goods when the purchase was made, thus pretermitting all inquiry as to their solvency, whether they had made any false representations to the plaintiffs, and whether these statements, if made, had been relied on and induced the sale. To have given this charge, would have been clearly erroneous, under our numerous decisions cited above.

Judgment affirmed.