# Union Manufacturing & Commission Co. v. East Alabama National Bank.

## Statutory Trial of the Right of Property.

1. *Sales; rescission for fraud; when misrepresentation or affirmative concealment not necessary.*—Actual misrepresentation or affirmative fraudulent concealment as to his solvency by one who buys goods on credit, who is, at the time, insolvent or in failing circumstances, is not necessary to entitle the seller to rescind the sale; but the sale and purchase of goods is fraudulent and open to rescission by the seller, if the purchaser was at the time thereof insolvent or in failing circumstances, and had no intention to pay for the goods or had no reasonable expectation of being able to pay for them, and either represented that he was solvent or intended to pay, or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or the fact that he did not intend to pay or expected to be able to pay for the goods so purchased; provided the seller was induced to make the sale by reason of such representation, or failure on the part of the purchaser to make known his financial condition.

2. *Same; same; same; case at bar.*—On a statutory trial of the right of property, where the issue is as to whether the claimant had a right to rescind the sale of goods to the defendant in attachment, and there is evidence from which the jury might have concluded that the purchaser of the goods was insolvent at the time he purchased from the claimant, that he then had no intention of paying for the goods or reasonable expectation of being able to pay for them, and that he failed to communicate these facts to the claimant, and it is further shown that the claimant sought and obtained independent information as to the purchaser's financial condition before shipping the goods, but it does not affirmatively appear that the claimant acted solely upon this independent information, and not upon the alleged fraud of the purchaser, it is a question for the jury to determine as to whether the claimant was induced by the alleged fraud to make the sale, if they believe the purchaser had been guilty of fraud, or by such independent information, and, therefore, the affirmative charge should not be given.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. EVANS.

The East Alabama National Bank sued out a writ of attachment against one W. B. Gorton, on August 19, 1896, and on the date of its issuance said writ was levied upon a stock of goods as the property of said Gorton. After the levy of said writ of attachment, the Union Manufacturing and Commission Company interposed a claim to certain of the goods levied upon, and upon the execution of a claim bond the goods were delivered to them. Issue was made up between the attaching creditor and the claimant, and the present trial was had upon that issue, as to the right of property to the goods levied upon.

It was shown by the evidence that for some years prior to the levy of the attachment Gorton had conducted a general merchandise business in Eufaula. On June 16, 1896, he bought from the claimant the goods in controversy, on a credit, which goods had never been paid for. The sale of these goods to Gorton was made by a traveling salesman by the plaintiff, who, in taking the order from Gorton asked him for references as to his financial standing. Gorton gave references to two firms, one a firm in Atlanta, Georgia, selling dry goods at wholesale and another in St. Louis, Mo., selling shoes at wholesale. Claimant company had its place of business in Atlanta, and one of the members of the company testified that after the order was received from the claimant's salesman for Gorton, they made inquiry of the reference Gorton gave him, and after receiving answers from such inquiries, they shipped the goods to Gorton. The evidence does not show what information those two firms which were referred to gave the claimant about Gorton's financial condition.

Gorton as a witness testified that on June 16 he was indebted to the plaintiff in attachment for something over $1,000, evidenced by four promissory notes, all of which were due before June 16, 1896, with the exception of one note for $348, which was due November 1, 1896. Gorton also testified that on and prior to June 16, 1896, he was indebted to his wife, A.

M. Gorton, in the sum of $2,500. This indebtedness was evidenced by a promissory note dated February 1, 1895, and payable February 1, 1896, with interest from date. He testified that in addition to these debts, he was indebted to wholesale merchants to the extent of $800 or $900 at the time of the purchase of the goods from the claimant. He further testified that at the time of the levy of the attachment, the stock of goods owned by him was, in his opinion, worth between $5,000 and $6,000, and in addition to the stock of goods he owned several thousand dollars' worth of *choses in action* against customers who had purchased goods from him, but upon which he had, up to that time, been unable to collect anything, and that he also owned other personal property worth about $75. Gorton further testified that he never told any one about his indebtedness to the plaintiffs in attachment, or to his wife until after the levy of attachment. It was further shown that the sock of goods was sold under the attachment, at public cry, after being duly advertised as required by law.

The claimant introduced as a witness W. E. McCormick, who testified that he was a broker and merchant in the city of Eufaula and had been for many years; that he examined a stock of goods of the defendant Gorton, which was levied on by plaintiffs, after the levy, and before the sale under the attachment, that the goods were sold at auction by the plaintiff and brought $1,900, and that said sum was a reasonable value for the stock of goods levied in a fair, open market.

It was admitted in evidence that after the levy and before the sale under the attachment, the claimant notified plaintiff and the defendant Gorton that the sale to Gorton by the claimant of the goods in controversy was rescinded, upon the following grounds: "1st. That at time of sale of same he was insolvent or in failing circumstances. 2d. That he has no intention of paying for said goods or no reasonable expectation of being able to pay for them. 3d. That he concealed these facts from the seller. 4th. That said seller was induced to make the sale to him by this concealment." This was substantially all of the evidence.

The court, at the request of the plaintiff, gave to the jury the following written charge: "If the jury believe the evidence, they will find for the plaintiff." To the giving of this charge the claimant duly excepted.

There were verdict and judgment for the plaintiff, The claimant appeals, and assigns as error the giving of the general affirmative charge requested by the plaintiff.

W. C. SWANSON, for appellant, cited *Maxwell v. Brown*, 114 Ala. 304; *Sanders v. Edmonds*, 98 Ala. 156.

A. H. MERRILL and HARMON, DENT & WEIL, contra, cited *Maxwell v. Brown*, 114 Ala. 304, and authorities cited; *Darby v. Kroell*, 92 Ala. 607; note 34 L. R. Ann. 581; 14 L. R. A. 470; *Posca v. Stearns*, 42 L. R. A. (Neb.) 427.

McCLELLAN, C. J.—There was evidence before the jury from which they might have concluded that Gorton was insolvent at the time he purchased the goods from claimant, that he then had no intention of paying for the goods or reasonable expectation of being able to pay for them, and that he failed to communicate these facts to the seller. On these facts he was guilty of such fraud in the transaction as authorized the seller upon afterwards coming to a knowledge of it to rescind the sale and reclaim the goods, *if he was induced by the fraud* to make the sale.—*Maxwell v. Brown Shoe Co.*, 114 Ala. 304. If, however, the fraud of the buyer, assuming he was guilty of fraud, did not induce the seller to part with his goods, but he acted to that end solely upon independent information as to the buyer's good faith and ability to pay, he has no right of rescission.—*Darby & Co. v. Kroell*, 92 Ala. 607.

In this case the seller sought and obtained independent information as to Gorton's financial condition, etc., etc., before shipping him the goods. By the act of purchasing Gorton impliedly represented to the seller that he was or would be able to pay for them, and that he intended to pay for them, and, of course, he impliedly promised to pay for them.—*Maxwell v. Brown Shoe Co.*,

*supra.* So that it is fair to say that the seller had these implied representations of Gorton and the independent information above referred to at the time the sale was made. It does not affirmatively appear that the seller acted solely upon this independent information, and not upon the alleged fraud of Gorton. It is a matter of inference whether he acted upon the one or the other, or upon both combined. And this inference the jury alone is competent to draw. It should have been left to them to find whether the seller was induced by Gorton's fraud, if they believed he had been guilty of fraud, solely or in connection with the independent information, or by such information alone to part with his goods. The affirmative charge, with hypothesis, given for plaintiff took this inquiry away from the jury. The court erred in giving it.

Reversed and remanded.