# Parker *et al. v.* Blount County.

## *Detinue.*

(Decided June 30th, 1906. 41 So. Rep. 933.)

1. *Fixtures; Iron Safe.*—The commissioners of B. county purchased a large iron safe, erected a stone and cement foundation for it in a room, cut away part of a wall and rolled the safe in upon its rollers, and upon the foundation prepared, rebuilt the wall, and left the doorway leading into the room where the safe was. The safe was not attached to the foundation and could not be gotten out of the room without tearing away

part of the wall. Held, the safe was not so attached to the house as to become a fixture.

2. *Same; Agreement of Parties.*—The seller and the purchaser of realty may agree that certain articles are chattels, subject to removal from the premises, without regard to the manner in which they are attached thereto.

APPEAL from Blount Circuit Court.

Heard before HON. W. W. HARALSON.

Action by Blount county against George H. Parker, as trustee, etc., and others. From a judgment for plaintiff, defendants appeal.

WARD & WEAVER, for appellant.—On the questions involved in this appeal we cite the following authorities. *Gresham v. Taylor,* 51 Ala. 505; *Capitol City Insurance Co. v. Caldwell Brothers,* 95 Ala. 90; *Tillman v. Lacey,* 80 Ala. 103; *Mackie v. Smith,* 5 La. Am. 717; 52 Am. Dec. 615; *Wadleigh v. Janvrin,* 41 N. H. 503, 77 Am. Dec. 780; *Rogers v. Crow,* 40 Mo. 91, 93 Am. Dec. 299; *Nelson v. Howison,* 122 Ala. 580.

EMORY C. HALL, for appellee.—The safe, under the evidence, is not a fixture.—*Tillman v. DeLacey,* 80 Ala. 103; *Capital City Ins. Co. v. Caldwell Bros.,* 95 Ala. 77. The evidence of Wyatt as to his duties and as to what he did was admissible.—*Nelson v. Howison,* 122 Ala. 573.

HARALSON, J.—Detinue for an iron safe. The commissioners' court of Blount county owned the old building used for the court-house. Such building is no longer used for such purposes. They purchased the safe in 1896, and placed the same in said courthouse for the purpose of keeping in it the records of the court. It was very heavy and was moved on rollers attached to the safe. The commissioners had a foundation of stone and cement build from the ground to the level of the floor of the house, for the purpose of securing and supporting the safe; and when said foundation was finished, the safe was rolled on and supported by this foundation, but was not attached in any manner to it. The door of the room in which the safe was placed was too small to admit it, and it became necessary to take out a part of the

wall of the room, large enough for the safe to enter, and be rolled on to its brick and cement foundation, and it could only be removed in some such way.

It was shown that the courthouse lot was sold by the county to R. F. Wyatt, who testified, that when he purchased the old courthouse, the safe was not sold with it, and he did not purchase the same, nor did he sell it to W. F. Harrell, to whom he sold the lot and building, and said Harrell knew and understood it. The bill of exceptions recites that the safe was the property of Blount county. The minutes of the commissioners' court recites that Wyatt purchased from the county, "the Bangor court house lot," and they conveyed the same to Wyatt, and he sold and conveyed the property to Harrell, who conveyed the same to defendants as trustees of Columbia College. It further appears, that when Wyatt purchased the lot from the county, he did not attempt to buy the safe, nor did the commissioners attempt to sell it to him, but it was agreed between the commissioners' court and Wyatt that he should sell it for the county, if he could find a purchaser.

"The true rule is, that articles not otherwise attached to realty than by their own weight are prima facie personalty, and articles affixed to land in fact, although only slightly, are prima facie realty, and the burden of proof is on the one contending that the former is realty or that the latter is personalty."—19 Cyc. 1136; *Bank v. Kiser*, 119 Ala. 201, 24 South. 11; *Powers v. Harris*, 68 Ala. 410.

"The early theory was that physical annexation was essential to constitute a fixture. * * * In the leading American cases the conclusion was (reached) that there is no one test, but that whether a chattel has become a part of the freehold, requires the united application of the following elements: 1. Actual annexation to the realty or something appurtenant thereto. 2. Appropriation to the use or purpose of that part of the realty with which it is connected. 3. The intention of the party making the annexation to make the article a permanent accession to the freehold."—19 Cyc. 1037. It is further stated, supported, it seems, by authorities in many states, that "mere weight is not sufficient to make

a chattel a part of the realty, although resting on a surface prepared for it, * * * and that the weight of authority seems to be that merely inclosing a chattel in a building, through the entrance to which the chattel can be removed only in pieces, or which will have to be destroyed, or in which an opening must be made before the chattel can be removed from the premises, or inclosing an article, as an iron safe, in brick or iron, does not necessarily amount to annexation, even between vendor and purchaser or mortgagor and mortgagee."Ib. 1041; *Tillman v. De Lacey*, 80 Ala. 106; *De Lacey v. Tillman*, 83 Ala. 155, 3 South. 294.

In this case, as has appeared, the safe was not sold by the county commissioners when they sold the courthouse, but they retained the title to and now claim to own it, and authorized the vendee of the realty, to sell the same for them, if he could find a purchaser. It further appears, that the safe was not in any manner annexed to the house, or to the brick foundation on which it rested. The fact that it required a part of the wall of the house to be removed to admit the safe to its foundation, and that it would require an aperture in the wall of the building to be made in order to remove it, do not import to it, the character of a fixture. The owner of the safe and purchaser of the realty agreed in the sale of the courthouse lot that it was a chattel, subject to be removed from the building. This was competent to be shown, and was recognizing it as a chattel, then, and for all purposes, ever thereafter. It was competent for the parties to so treat it. Even in cases of houses affixed to the soil, they may be treated as chattels, if the owner and vendor of the land and its purchaser, agree to so treat them.—*Powers v. Harris*, 68 Ala. 411; *The Bank v. Kaiser, supra.*

There was no conflict in the evidence, and on the undisputed proofs, the court very properly gave the general charge for the plaintiff, Blount county.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.