# Kyle *v.* Ward.

### *Trover for Conversion of Goods.*

1. *Fraudulent purchase of goods; rescission by vendor; burden of proof.* When the vendor of goods, disaffirming the sale on the ground of fraud on the part of the purchaser, brings an action against a sub-purchaser for the goods, or for their conversion, he must prove that the original purchaser, being insolvent, obtained the goods on credit by misrepresentation, or by fraudulent concealment of his financial condition, with no intention or reasonable expectation of paying for them; and this proof being made, the *onus* is on the defendant to prove that he paid value for the goods; after which, the *onus* is shifted to the plaintiff to prove that the defendant, when he bought, or before he paid the purchase-money, had notice of the fraud in the original purchase.

2. *Same; charge misplacing burden of proof.*—In such action, a charge instructing the jury that, "before plaintiff can maintain this action, he must show by proof that the original purchase by K. was a fraud, and that the sub-purchase by M. was a fraud, and if either of said purchases be found to have been made honestly and in good faith, without fraud, then plaintiff can not recover against the sub-purchaser," misplaces the burden of proof, and is properly refused.

3. *Implied or constructive notice.*—A person is not chargeable with notice of a fact, because reasonable inquiry on his part would disclose its existence, unless the law casts on him the duty of making such inquiry; and this duty only arises when he has knowledge of other facts reasonably calculated to awaken suspicion.

APPEAL from the Circuit Court of Jefferson.

[Kyle v. Ward.]

Tried before the Hon. S. H. Sprott.

This is an action of trover, brought by the original vendor, Ward, against King, his vendee, and Morris, the sub-purchaser, for the conversion of certain merchandise. King died, pending suit, and Kyle became his administrator. The questions passed on by the court were presented by exceptions to the charges given and refused. At the request of the plaintiff, the court charged as follows :

2. "If the jury believe, from the evidence, that the purchase by King of the goods, for the conversion of which this suit is brought, was fraudulent, then the *burden* of *proof* is on the defendant, Morris, to show that he is an *innocent purchaser without notice.*"

7. "If the jury believe, from the evidence, that King, in making the sale to Morris, intended to hinder, delay or defraud his creditors, and that the facts and circumstances in evidence, attending the sale, were naturally and justly calculated to *awaken suspicion* in the mind of a man of ordinary care and prudence of such intent of King, then the defendant, Morris, had notice of such intent, and such notice renders such sale fraudulent and void."

9. "It is not necessary that Morris should have *known* the insolvency of King. If he *suspected* that he was insolvent, and *reasonable inquiry* would have led to a discovery of his insolvency, then Morris is charged with notice of his insolvency."

The following charge, requested by defendants, the court refused to give :

"Before plaintiff can maintain this action, *he must show by proof* that the purchase by King from plaintiff was a *fraud*, and that the purchase by Morris from King was a *fraud;* and if *either* of said purchases be found to have been made *honestly and in good faith,* without fraud, then plaintiff can not recover against Morris."

Judgment was rendered for plaintiff.

Lane, Talliaferro & Tabor, Hewitt & Walker, and R. H. Pearson, for appellants.

James Weatherly, *contra.*

SOMERVILLE, J.—The action is one of trover for the conversion of a stock of merchandise, brought by the original vendor, against a sub-purchaser from the first alleged fraudulent vendee.

We have held that, in cases of this nature, the order and *onus* of proof is as follows :

(1.)  The plaintiff, in the first instance, is required to prove that the first vendee, being insolvent, obtained the goods on credit, by misrepresentation, or by fraudulent concealment of his financial *status*, with no intention or reasonable expectation of paying for them.—*Loeb v. Flash*, 65 Ala. 526 ; *McCormick v. Joseph*, 77 Ala. 236.

(2.)  When this proof is made by the plaintiff, it is then incumbent on the defendant, as sub-purchaser, to show that he *paid value* for the goods.—*Spira v. Hornthall*, 77 Ala. 137.

(3.)  The *onus* is then again shifted on the plaintiff, or original vendor, to prove that the defendant, or sub-purchaser, *had notice* of the fraud when he made his purchase, or before he paid the purchase-money.—*Roswald v. Imbs*, 78 Ala. 318 ; *Spira v. Hornthall, supra ; First Nat. Bk. v. Dawson*, 78 Ala. 317 ; *Craft v. Russell*, 67 Ala. 9.

The second charge given by the court, on request of the plaintiff, conflicted with the latter principle in requiring the defendant to prove that he was an innocent purchaser without notice.  It was sufficient for the defendant to prove that he paid value, and when this was done, the *onus* was on the plaintiff to show that the defendant was charged with notice of the fraud, not on the defendant to show that he did not have notice.

2.  It is very clear that the plaintiff can not maintain his action in this case, unless the jury are reasonably satisfied, from the evidence, that both of the purchases involved in this transaction—the one by Morris from King as well as the one by King from the plaintiff—were fraudulent.  If either King *or* Morris was a *bona fide* purchaser for value without notice, then the title of the sub-purchaser, Morris, would be good.—*Allen v. Maury*, 66 Ala. 10, 19 ; *Thames v. Rembert*, 63 Ala. 561 ; *Spira v. Hornthall, supra*.  If the charge requested by the defendant had gone no further than to assert this proposition, it should then have been given. But it was misleading in failing to recognize the rule that when the first purchase by King from plaintiff was satisfactorily proved to be fraudulent, the *onus* was at once shifted on Morris to show that he paid value.  It was not until the latter fact was proved that the plaintiff was required to prove notice on the part of the sub-purchaser.

3.  A person is not chargeable with notice of a fact, even though reasonable inquiry on his part would disclose the existence of such fact, unless the law casts on him the duty of making such inquiry.  This duty exists only where he has knowledge of facts sufficient to excite such inquiry, or, what is the same thing, a knowledge of facts which would naturally and justly (or reasonably) be calculated to awaken

a suspicion of the existence of the main fact,—notice of which is sought to be charged on him.—*Sheely v. Edwards*, 75 Ala. 411; *Hodges v. Coleman*, 76 Ala. 103; Bump on Fraud. Con. (3d Ed.) 201-2; *Hopkins v. Langton*, 30 Wis. 379. This is a proposition which does not at all conflict with that settled in *Grant v. National Bank*, 97 U. S. 80, that a reasonable cause to *suspect* a person to be insolvent is not tantamount to a reasonable cause to *believe* such person to be insolvent. This is upon the clear proposition that *suspicion* of the existence of a fact is not necessarily *belief* of its existence. It may nevertheless be sufficient to put a person on inquiry, and thus be equivalent to notice. A person, in other words, may be charged with notice of a fact, in the existence of which he does not fully believe.

The seventh and ninth charges can easily be tested by this principle, and do not seem to be clearly free from misleading tendencies.

The other errors assigned are not insisted on, and we do not, therefore, consider the other rulings of the court.

Reversed and remanded.