# Robinson & Ledyard v. Levi.

### Action for Recovery of Goods in Specie.

1. *Fraudulent purchase of goods ; rescission by vendor.*—To enable the vendor of goods to disaffirm the sale, and recover the goods from the purchaser, he must show, at least, that the purchaser, when he obtained the goods, was insolvent, or in failing circumstances, and had no reasonable expectation of paying for them, and that he was himself ignorant of the purchaser's financial condition ; and if the purchaser, in negotiating the purchase, made any false representation, or resorted to any other means or artifice to deceive the vendor, this was a positive fraud, and armed the vendor with a stronger right to disaffirm the sale.

2. *Representations by purchaser as to financial condition ; when admissible as evidence.*—A statement or representation by the purchaser as to his financial condition, made to a commercial agency several months before the sale, if known to the vendor, or examined by him, before or at the time of the sale, would be relevant and admissible as evidence on the question of fraud ; but not where it is shown to have been examined only the day after the consummation of the sale.

3. *Relevancy of evidence on question of fraud* —The issues being fraud *vel non* in the original purchase of the goods, and the *bona fides* of the sub-purchase by the defendant, a mortgage on his property executed to

the bank by the original purchaser is irrelevant and inadmissible as evidence for the plaintiff.

4. *Rights of sub-purchaser for value ; burden of proof as to notice.*—Although the original purchase was fraudulent, and might be disaffirmed by the vendor, he can not recover the goods from a sub-purchaser for value, who had no notice, actual or constructive, of the fraud; and the burden of proving notice is on the plaintiff.

5. *Same; who is purchaser for value.*—A *bona fide* creditor, who takes a stock of goods from his debtor in absolute payment of his debt, which exceeds the value of the goods, and surrenders additional securities, is a purchaser for value.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action for the recovery of chattels in specie, brought by Isador Levi, original vendor, against Robinson & Ledyard, alleged fraudulent sub-purchasers from Rushton & Co., original vendees. Judgment was rendered for plaintiff. The opinion contains a statement of all material facts.

TROY, TOMPKINS & LONDON, for appellants.

RICE & WILEY, *contra.*

STONE, C. J.—The present suit is a statutory action for the recovery of chattels in specie, analagous to the common law action of detinue. To maintain the suit, it was necessary for the plaintiff, Levi, to prove, at least, that when Rushton & Co. obtained the goods from him, they, Rushton & Co., were insolvent, or in failing circumstances, had no reasonable expectation of paying for them, and that he, Levi, was not informed, or cognizant of their financial condition. These facts, if found to exist, constituted the purchase fraudulent as against Rushton & Co., and authorized a recovery against them. And if, in negotiating the purchase, Rushton & Co. made any false representation, or resorted to any other means or artifice to deceive Levi into trusting them, this was a positive fraud, and armed Levi with a stronger and more unquestioned right to renounce the sale, and sue for and recover the merchandise from them. A title thus obtained will be vacated and set aside, unless the right of some innocent third person has intervened.—*Loeb v. Flash*, 65 Ala. 546.

The sale in this case was agreed on and made October 19, 1885. On the next day Levi, the seller, examined the books of R. G. Dunn & Co., commercial agents, and there found and examined a report made by Rushton & Co. to the agency in July, 1885, assuming to set forth their financial

condition at that time. It had for its caption, "statement as a basis of credit." It set forth what they asserted were their assets and liabilities, showing an excess of the former over the latter of from nine to thirteen thousand dollars. It was signed by Rushton & Co., and gave references to "the banks and trade."

If this report had been examined by Levi, or had been shown to have been known to him before he made the sale to Rushton & Co., it certainly would have been competent evidence, as tending to show that Levi, the seller, was, or probably was, misled thereby as to their financial condition. A jury might well consider such fact in determining whether there was actual, or intentional fraud. So, if the examination was had before the sale was consummated, the testimony would have been legal. The bill of exceptions states that the sale was made on one day, and the examination on the next. As here shown, the "statement as a basis of credit" did not and could not, in the slightest degree, have induced Levi to enter into the contract, and the Circuit Court erred in allowing this evidence to go to the jury.

The testimony given by the witness, Leary, describing the property mortgaged by Rushton & Co. to the State Bank, could not shed any light on the issues joined, and was improperly admitted. It had nothing to do with the fraud *vel non* in the purchase by Rushton & Co., and bore no relation to the question of *bona fides*, in the purchase by Robinson & Ledyard. It was simply immaterial and irrelevant ; and irrelevant testimony should never be received.

The present case raised a second indispensable inquiry : Did Robinson & Ledyard show themselves purchasers of the merchandise for value ? If they did, then this is a complete answer to plaintiff's action, no matter what fraud Rushton & Co. may have perpetrated in the purchase of the goods, unless notice of their fraud, actual or constructive, was traced to them before they made their purchase. And proof of such purchase is all the law requires of them. If it be contended that before their purchase, they had notice, actual or constructive, of Rushton & Co.'s fraud, the burden of proving it was on plaintiff, Levi.—*First National Bank v. Dawson*, 78 Ala. 67 ; *Thompson v. Duncan*, 76 Ala. 334 ; Dan. Neg. § 819.

The testimony tends to show that Rushton & Co. were indebted to Robinson & Ledyard in the sum of about eleven thousand dollars ; that by absolute sale they sold and conveyed their stock of merchandise (including the goods sued for in this action), and also their bills receivable, in absolute payment of such indebtedness, and that the entire merchan-

dise and bills receivable, did not equal in value the sum of the debt, in payment of which they were sold. A sale thus made, the law treats as a sale for value.—*Spira v. Hornthall*, 77 Ala. 137. In the case of *Robinson & Ledyard v. Fairbanks*, decided at the present term, and while the very contract of sale from Rushton & Co. to Robinson & Ledyard which we are considering was under discussion, and on substantially the same testimony as found in this record, we said : "There can be no question of the fact that the defendants, if the evidence be believed, are *bona fide* purchasers of the goods for value, and without notice of any alleged defect in the title of Rushton & Co., just as fully as if they had paid the cash for them."

Two clauses of charge two, given at the instance of plaintiff, are urged upon us as grounds of reversal. The first is : "If they (the jury), find that Robinson & Ledyard got the goods from Rushton & Co., then Robinson & Ledyard got no better title than Rushton & Co. had, unless the jury, find that Robinson & Ledyard are purchasers for value, and without notice of Rushton & Co.'s insolvency and fraud." The argument urged is, that this clause places the burden of disproving notice on Robinson & Ledyard, when it rightly rested on Levi to establish it. We do not so understand the ruling. Its purpose was neither to declare by whom the proof was to be made, nor to explain the shifting burden of proof. Its sole object was to define the constitutents of a *bona fide* purchase, which would relieve Robinson & Ledyard of the imputation of the fraud, which it was claimed tainted the purchase made by Rushton & Co. If appellants apprehended that the jury would be misled by the generality of the charge, they should have obviated it by requesting an explanatory charge.

The other clause objected to is in the following language : "If the jury find from the evidence that Robinson & Ledyard took the goods on account of a debt that Rushton & Co. owed them, then they are not purchasers for value," etc. This clause, when construed in connection with the testimony, can not be vindicated. Taking the goods "on account," here referred to, must mean—(for there is no other testimony it can refer to) –the purchase of the goods by Robinson & Ledyard, which in the case against *Fairbanks, supra,* we declared constituted them *bona fide* purchasers for value, if the testimony was believed. There is the additional fact, as the testimony tended to show, that as part of the consideration of the purchase, Robinson & Ledyard surrendered valuable independent securities they held to secure the payment of the debt due from Rushton & Co. This, the charge

we are considering, ignored entirely. This part of the charge must have misled the jury; and the words which followed it are not so stated as to qualify what is copied above.—*Spira v. Hornthall*, 77 Ala. 137.

Reversed and remanded.