# Scheuer & Bro. v. Goetter, Weil & Co.

*Action of Trover.*

1. *Rescission of sale of goods; action of trover against subsequent purchaser.*—To entitle a seller of goods to rescind the sale on the ground of fraud practiced upon him by the buyer, inducing the sale, and to recover in trover against a subsequent purchaser, who paid value for the goods, the original seller must prove, not only the fraud perpetrated upon him by his vendee by which he was induced to make the sale, but that the defendant, the sub-purchaser, had notice of that fraud at the time he paid value for the goods, or of such facts as would put a reasonable man on inquiry, which, if followed up, would lead to such notice.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This was an action of trover, brought by Goetter, Weil & Co. against B. Scheuer & Bro., to recover damages for the alleged conversion of certain goods which are described in the complaint.

On the trial of the cause, as shown by the bill of exceptions, the testimony for the plaintiffs tended to show that one J. M. Bradley, who was engaged in the millinery and dry goods business in Eufaula, bought from Goetter, Weil & Co., in July, 1891, dry goods on credit, amounting to several hundred dollars; that said Bradley never paid for said goods, or any part thereof; and that about the time of said purchase, in August or September of the same year, he purchased from other wholesale merchants goods amounting to several thousand dollars, no part of which he had ever paid for except about $150; that about the time said Bradley made the pur-

chase from the plaintiffs, Goetter, Weil & Co., he was not able to pay what debts were then due, and asked an extension of an older debt, which was due at that time; and that the only property said Bradley owned was his stock of merchandise; that at the time of the purchase from the plaintiffs he did not make any statement as to his financial condition, or tell them about asking an extension of credit by one of his creditors. The plaintiffs introduced other evidence showing that the said Bradley, some time after the first of November, 1891, made a sale of most of his dry goods to the defendants, B. Scheuer & Bro., at 50 cents on the dollar of the original cost of said goods; that the defendants went into immediate possession of the goods, and that the sale was made at night. It was also shown that the goods purchased of the plaintiffs, which were sold by Bradley to the defendants, were reasonably worth 85 cents on the dollar of the original cost.

The testimony for the defendants tended to show that the said Bradley offered to sell them the stock of goods at 65 cents on the dollar, after telling them that he wished to go out of the dry goods business; that in reply to this proposition the defendants offered him 50 cents on the dollar, which was accepted by said Bradley; that the sale was made on Saturday night, the inventory taken, and the stock of dry goods purchased was taken possession of on the following Monday morning.

This being all the evidence the court at the request of the plaintiffs gave the following written charges: (1.) "If the the jury believe from the evidence in this case that at the time Bradley purchased the goods from the plaintiffs he (Bradley) was insolvent, and that he had no reasonable expectation of being able to pay for the goods sold him, and that he intentionally concealed his financial condition from the plaintiffs, then the plaintiffs had the right to rescind said sale, and if the jury further believe from the evidence that, at the time B. Scheuer & Brother bought the goods from Bradley, Bradley intended to sell the goods for cash, and use the proceeds from said sale for his own benefit, and to put the goods out of the reach of his creditors, and that B. Scheuer & Bro. knew of that intention, or were in possession of such information as to put them on inquiry, which if followed would have led to the discovery of such intention, then such sale to Scheuer & Bro. would be fraudulent in law,

although Scheuer & Bro. may have paid full value for the goods, and if the jury believe all of these facts from the evidence, your verdict will be for the plaintiffs."
(2.) "The jury can look to the facts, if they be facts from the evidence, that the sale was completed at night, that the doors were closed, that a retail merchant was selling in a lump the bulk of his stock, that the sale was made at 50 cents on the dollar, in connection with all the other evidence in this case, to see whether the sale to Scheuer & Bro. was *bona fide*, in good faith, and if the jury believe from the evidence that said sale was not *bona fide*, then your verdict will be for the plaintiffs, if you further find from the evidence that Bradley at the time he purchased the goods from the plaintiffs was insolvent, or in failing circumstances, that he had no reasonable expectation of being able to pay for said goods, or did not intend to pay for them, and that he (Bradley) intentionally concealed from plaintiffs his financial condition." The defendants separately excepted to the giving of each of these charges, and also excepted to the court's refusal to give the following charge requested by them : "Even though the jury may believe from the evidence that Bradley was insolvent at the time of the purchase from the plaintiffs, and had no reasonable expectation of paying for the goods purchased, then they must find for the defendants, unless the evidence reasonably satisfies them that Bradley made some fraudulent representations to the plaintiffs at the time, or intentionally concealed from the plaintiffs with a fraudlent purpose his said insolvency, and a want of a reasonable expectation to pay for said goods."

There was judgment for the plaintiffs. The defendants appeal, and assign as error the giving of the charges requested by the plaintiffs and the refusal to give the charge requested by the defendants.

S. H. DENT, JR., for appellants, cited *Traywick v. Keeble*, 93 Ala. 498, 8 So. Rep. 573 ; *Johnson v. Bent*, Ib. 160, 9 So. Rep. 581 : *Darby v. Kroell*, 92 Ala. 607, 8 So. Rep. 384.

G. L. COMER, contra, cited 5 Wait's Actions & Defenses, 635, and authorities cited ; *Fassett v. Smith*, 23 N. Y. 252 ; *Woods v. Armstrong*, 54 Ala. 150 ; *Robertson v.*

*Hayes*, 83 Ala. 290, 3 So. Rep. 674; *Moog v. Hannon's Admr.*, 93 Ala. 503, 9 So. Rep. 595.

HEAD, J.—The charges given for plaintiffs were clearly erroneous. Plaintiffs claimed title to the goods by reason of an asserted rescission of a sale thereof which they had previously made to Bradley, on account of fraud alleged to have been practiced by Bradley upon plaintiffs, inducing them to make the sale. Bradley had sold and delivered the goods to defendants, who claimed to have purchased without notice of any fraud that may have been committed by him in his purchase from his vendors—the plaintiffs. It is settled law that to entitle a seller of goods to rescind the sale, on the ground of fraud practiced upon him by the buyer, inducing the sale, and recover in detinue or trover against a sub-purchaser, who shows that he paid value for the goods, he, the original seller, must prove, not only the fraud perpetrated upon him by his vendee, by which he was induced to make the sale, but further, that the defendant —the sub-purchaser—had notice of that fraud, at the time he paid value for the goods, or of such facts as would put a reasonable man on inquiry which, if followed up, would lead to such notice. The charges in question ignore entirely this essential of notice on the part of the sub-purchaser, and substitute therefor, as sufficint to entitle plaintiffs to recover, so far as the question of notice is concerned, the hypothesis that the original vendee, Bradley, sold the goods to defendants with intent to defraud his creditors, and that defendants participated in that intent. That is not an issue in this cause. The rights of Bradley's creditors are not involved in the action. Trover pre-supposes title in the plaintiff, without which there can be no recovery. The rescission, if effectual, divested all title out of Bradley, and re-invested it in plaintiffs by relation, as of their original ownership. They then could no longer be regarded as creditors of Bradley. They are not now pretending to assert any rights as creditors. They could assert none in this form of proceeding. It is wholly immaterial, therefore, whether fraud upon the rights of creditors infected the sale of Bradley to defendants or not. Plaintiffs' rights are the same with or without such fraud. We do not say that facts going to establish

[Simmons *et al.* v. Titche Bros.]

fraud, in that connection, may not be evidentiary, in an action of trover like this, as having a tendency to show fraud in the original purchase, and notice thereof on the part of the sub-purchaser. Their competency for that purpose will depend upon their peculiar nature and connection with other facts, to be determined as they are presented, or applied by appropriate instructions.—*Traywick v. Keeble*, 93 Ala. 498; *Hornthall v. Schoufield*, 79 Ala. 107; *Cohn v. Stringfellow*, 100 Ala. 242.

The charge requested by the defendants asserted a correct legal proposition, and ought to have been given. *LeGrand v. Eufaula National Bank*, 81 Ala. 123; *Johnston v. Bent*, 93 Ala. 160.

Reversed and remanded.