# Peterson & Co. v. Steiner Bros.

### Trover.

1. *Fraudulent purchase; purchaser for value without notice.*—Where a vendee of a fraudulent purchaser of goods shows that he paid value therefor, it is then necessary, in an action of trover against him by the original seller, that the plaintiff prove that at the time he bought and paid therefor, the defendant had notice of the fraud in the original purchase.

2. *Same; bona fide purchaser; usury.*—If the consideration paid for property by a purchaser is entire and indivisible, and usury enters into it, he is not regarded as a bona fide purchaser. But when there are two or more severable considerations, and usury does not enter into all of them, the purchaser will not be considered *mala fide* in a court of law.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAS. J. BANKS.

This was an action of trover brought by the appellants against the appellees, and sought to recover damages for a conversion of a lot of mantels. The cause was tried upon a plea of the general issue. The plaintiff introduced evidence tending to show that they sold the property described in the complaint to one Samuel Ullman, who was conducting business under the name of the Ullman Hardware Co. Also, that the said Ullman was at the time of the purchase, insolvent, and had no reasonable expectation of paying therefor, and that plaintiff was induced to sell the goods by the false and fraudulent representations of Ullman as to his financial standing. Other evidence showed that defendants held claims against said Ullman, represented by several notes. That in satisfaction of the debts, Ullman sold to defendants, the property described in the complaint, at factory prices, and his notes were cancelled and returned to him. In some of the said notes, usury entered into the consideration, but one of them, representing nearly one-fourth of the whole consideration, was not tainted with usury. There was no evidence to show that defendants had notice of any fraud in the purchase of the goods by Ull-

man.   Other facts, bearing on points not noticed in the opinion, are unnecessary to this statement.

The evidence being in, the court upon the written request of the defendants, gave the affirmative charge in their favor.   From a judgment for defendants, plaintiffs appeal.

MOUNTJOY & TOMLINSON for appellants.

CABANISS & WEAKLEY *contra*.

HARALSON, J.—For the purpose of this appeal, it may be conceded, without deciding the question, that Ullman, the original purchaser of the goods, practiced a fraud on the plaintiffs, who sold them to him, and that the sale was of such a fraudulent character, as authorized plaintiffs to rescind it, and sue the appellees,—who are sub-purchasers of the goods from Ullman,—for their conversion.   Allowing that plaintiffs, as the burden was on them to do, had made sufficient proof to authorize them to rescind and bring this suit, the burden was then on the defendants, to prove that they paid value for the goods, which if shown by them, the burden shifted to the plaintiffs to prove, that the defendants, when they bought, or before they paid the purchase money, had notice of the fraud in the original purchase.—*Spira v. Hornthall*, 77 Ala. 137 ; *Kyle v. Ward*, 81 Ala. 120 ; *Robinson v. Levi, Ib.* 136 ;   *Hoyt v. Turner*, 84 Ala. 527 ; *Scheuer v. Goetter, Weil & Co.*, 102 Ala. 313.

The defendants fully and satisfactorily established the existence and amount of their claims against Ullman,— that their several notes and bills aggregated the amount of $1,714., which they cancelled and gave up as fully satisfied and paid in the purchase of the remnant of said Ullman's stock of goods, of value not greater than the consideration paid for them.

There was a failure of proof on the part of the plaintiffs to show, that the defendants, as sub-purchasers, at the time they purchased and paid for the goods, had any knowledge or notice of fraud, if any, which their vendor, Ullman, practiced upon the plaintiffs, when he made his original purchase from them, or of such facts as would put a reasonable person on inquiry, which if followed up, would lead to such notice.   The plaintiffs

not only failed to make such proof, but the defendants made full and satisfactory proof, to the contrary.

On the case as thus stated, it is clear the plaintiffs have no right of recovery. But, they set up, that the debts which Ullman owed defendants were usurious, and for that reason, defendants have no right to claim that they are *bona fide* purchasers for value.—In *LeGrand v. Eufaula Nat. Bank*, 81 Ala. 131,—a case similar to the the one in hand,—it was said, "If the consideration paid for property by a purchaser is entire and indivisible, and usuary enters into it, he is not regarded, under our decisions, as a *bona fide* purchaser of such property," —citing as sustaining the principle, *Saltmarsh v. Tuthill*, 13 Ala. 390; *Wailes v. Couch*, 75 Ala. 134: *McCall v. Rogers*, 77 Ala. 349, to which list others might be added.

It was shown by one of the defendants in his testimony, "that no usury had been charged on some of the loans in question, while on others, usurious rates (from 8 to 12 *per cent,*) had been charged; that one of the notes which was surrendered, at the time the bill of sale was made, to-wit, the note for $465.49, was given for an overdraft, and that the interest charged on said overdraft and note, was at the rate of 8 *per cent per annum.*" There was no evidence in conflict with this statement. The plaintiffs' counsel contend, that where several notes, as here, constituted the consideration, some of which contained usury, while others did not, the consideration is entire and indivisible, and if a part was tainted with usury, it infected the whole, and defendants as sub-purchasers, could not use such a consideration as a basis for becoming a *bona fide* purchaser for value of a stock of goods which had been fraudulently purchased by their vendor, Ullman, from the plaintiffs. But, this question arose, and was disposed of, in the case of *LeGrand v. Eufaula N. Bank, supra,* against this contention of counsel. The charge was asked in that case, and held to have been properly refused, that if the jury believed from the evidence that any part of the debt against the original purchaser, which was surrendered and given up by the bank in payment of the stock of goods was usurious, then the bank, (a sub-purchaser) was not a *bona fide* purchaser. In that case, one of the notes surrendered, as here, was without usury, while the others were

usurious. These notes were held to be severable considerations for the sale, and that usury having entered into some and not all of them, that fact did not render the buyer a *mala fide* purchaser, as to the entire property purchased, where the question of title arose in a court of law,—as in that case and this one,—in an action of trover, dependent on the plaintiffs' right to disaffirm the sale, so as to re-invest themselves with the title to the entire property in controversy, It was added, "Even if the proposition be maintainable, that such a purchaser can be protected as against a superior equity *pro tanto*, to the extent of the non-usurious consideration paid, a court of equity alone would have jurisdiction to adjust the rights of the parties, and the power of a court of law would be inadequate for the purpose, dealing as it does with legal titles only, and not with mere equities."

There was no error in giving the general charge for the defendant. The other questions raised need not be considered.

Affirmed.