# Maxwell v. The Brown Shoe Co.

*Action of Detinue.*

1. *Sales ; rescission, for fraud ; misrepresentation or affirmative concealment not necessary ; what sufficient.*—Actual misrepresentation or affirmative fraudulent concealment as to his solvency by one who buys on a credit, who is insolvent or in failing circumstances, is not necessary to entitle the seller to disaffirm the sale ; but a sale and purchase of goods is fraudulent and open to disaffirmance by the seller, if the purchaser was at the time thereof insolvent or in failing circumstances and had the design not to pay for them, or had no reasonable expectation of being able to pay for them, and either represented that he was solvent or intended to pay or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or

[Maxwell v. The Brown Shoe Co.]

the fact that he did not intend to pay or expect to be able to pay for the goods.

2. *Same; same; bad faith on part of subsequent purchaser.*—Actual bad faith on the part of a purchaser for value from one who fraudulently purchased the goods on a credit is not necessary to entitle the original seller to rescind the sale and recover the goods from the subsequent purchaser; but it is sufficient to authorize a recovery from such purchaser if he knew facts and circumstances that should have excited inquiry on his part, which if diligently prosecuted would have led to a knowledge of the fraud of the original purchaser.

3. *Same; same; same; charge to the jury.*—Though negligence in making inquiry by a buyer of goods that had previously been fraudulently purchased on a credit, after having notice sufficient to excite inquiry, is constructively bad faith, a charge to the jury, in an action by the original seller to recover the goods from such subsequent purchaser, which instructs them to recover the plaintiff must show bad faith in the defendant, is properly refused as tending to mislead to the conclusion, that there must be shown actual bad faith on defendant's part.

4. *Same; same; relevancy of evidence.*—When in an action by one who sold goods on a credit, in which the plaintiff seeks to rescind the sale and recover the goods on the ground of fraud on the part of the purchaser, there is an issue as to whether the purchaser fraudulently concealed his insolvency when making the purchase, evidence that a year before the sale the said purchaser misrepresented to a representative of plaintiff the amount of his indebtedness, is relevant and material, though it may be, of little probative force.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES WEATHERLY, Special Judge.

This was a statutory action of detinue, brought by the appellee, the Brown Shoe Company, against Mrs. M. A. Maxwell, to recover a certain lot of shoes specifically described in the complaint.

It was shown by the evidence that the shoes involved in this controversy were sold on a credit to the firm of J. K. Maxwell & Company, a firm composed of Jos. K. Maxwell and John E. Maxwell, who were the sons of the defendant in this suit; that this sale was made in April by a representative of the plaintiff, and the goods were received by J. K. Maxwell & Co. in May, and placed in their store; that on the 21st day of May, J. K. Maxwell & Co. sold the stock of goods in their store-house, where these shoes were placed, to their mother, the defendant in this suit, Mrs. M. A. Max-

20

well; that this sale purported to have been made in payment of an indebtedness of J. K. Maxwell & Co. to Mrs. Maxwell, which was evidenced by promissory notes.

The testimony for the plaintiff tended to show that at the time of making the purchase from the plaintiff, J. K. Maxwell & Co. were insolvent, and that this insolvency was well known to them at the time of giving the order for the shoes from the plaintiff, that they were unable to pay for them, and in June following, they made a general assignment.

The testimony for the defendant tended to show that while, at the time of making the purchase, they were largely indebted to their mother and others, they expected to pay the indebtedness, not taking into account that their mother would press them for the payment of her claim, which she did, and which caused them to sell their stock of goods, in which the shoes purchased from the plaintiffs were included.

Upon the examination of A. S. Vandegrift, the general agent of the Brown Shoe Co., and after he had testified that the sale to J. K. Maxwell & Co. was made on April 25, 1895, he further testified in answer to a question propounded, "That in June, 1894, J. E. Maxwell told me that J. K. Maxwell & Co. did not owe more than one hundred dollars." The defendant objected to the question, which evoked this answer, and also moved to exclude the answer, upon the ground that they were incompetent and irrelevant. The court overruled both the exception and motion, and to each of these rulings the defendant separately excepted.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave to the jury the following written charges: (2.) "The court charges the jury that if they believe from the evidence that at the time of the purchase from the Brown Shoe Co. that J. K. Maxwell & Co. were insolvent or in failing circumstances, and if you further find that J. K. Maxwell & Co. knew at the time that they were insolvent, and could not as reasonable men expect to pay, or that they were insolvent and intended not to pay, and did not disclose these facts, then the plaintiff is entitled to recover, unless the evidence reasonably satisfies your minds that Mrs. Maxwell was a *bona fide* purchaser without notice."

[Maxwell v. The Brown Shoe Co.]

The court gave this charge, and the defendant then and there excepted thereto ; and also separately excepted to the court's refusal to give the following charges requested by her: (4.) "The court further instructs the jury that the only point necessary for the Maxwell's to prove is that she 'paid full value' for the goods, then the burden is on the Brown Shoe Co., the plaintiff's, to show that there was bad faith on her part." (5.) "The proof of bad faith on the part of Mrs. Maxwell in the purchase of the goods from J. K. Maxwell & Co. is laid by the law on the Brown Shoe Co. as soon as she shows that she paid value for the goods, either in money or by the surrender of valuable securities." (12.) "The law did not require J. K. Maxwell & Co. to volunteer any information as to their financial condition to the Brown Shoe Co., and if the Brown Shoe Co. sold the goods without any inquiry of J. K. Maxwell, then the sale was valid, and the jury should find for the defendant." (13.) "If the jury find from the evidence that the Brown Shoe Co. made the sale to J. K. Maxwell & Co. without being induced to make the same by misrepresentation by J. K. Maxwell & Co. as to their solvency (or failing circumstances) or their pre-conceived design not to pay for the goods (or that they had no reasonable expectations of being able to pay for the goods), then the sale was valid, and the jury should find for the defendant." (14.) "If the jury find from the evidence that the Brown Shoe Co. sought J. K. Maxwell & Co. and solicited them to buy, and asked no question of them as to their solvency, or financial standing, or ability to pay, and that J. K. Maxwell & Co. gave no statement of any kind on these subjects, and did not intentionally conceal from plaintiff, or its agent, their condition, then the jury should find for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

L. Y. LIPSCOMB and S. W. JOHN, for appellant.—The court erred in giving charge two requested by the plaintiff. The charge does not include the element of obtaining the goods on a credit by misrepresentation or by fraudulent concealment. This was fatal to its right of

recovery, and this charge was clearly erroneous.—*Kyle v. Ward*, 81 Ala. 122. Fraudulent concealment of, or a fraudulent ; misrepresentation in reference to one or more of these facts, would have been sufficient, and an intentional concealment is equivalent to a fraudulent concealment.—*LeGrand v. Eufaula Nat. Bank*, 81 Ala. 129.

The charges requested by the defendant should have been given.—*Robinson & Ledyard v. Levi*, 81 Ala. 135; *Johnston v. Bent*, 93 Ala. 164; *Kyle v. Ward*, 81 Ala. 122; *LeGrand v. Eufaula Nat. Bank*, 81 Ala. 130.

TROTTER & McADORY, *contra*.—Charges numbered 4, 12, 13 and 14, requested by defendant, are all obnoxious to the rule laid down by this court for government in such cases, as found in *LeGrand v. Eufaula Nat. Bank*, 81 Ala. 129; *Wollner v. Lehman, Durr & Co.*, 85 Ala. 281.

McCLELLAN, J.—Under the rule frequently declared by this court, three facts are essential to arm the seller of personal property with the right to disaffim the sale on the ground of fraud, and reclaim the property : *First*. The purchaser must have been insolvent or in failing circumstances at the time of the sale. *Second*. He must then have had either a design not to pay for the property, or have had no reasonable expectation of being able to pay for it. And, *third*. He must have made some fraudulent misrepresentation either as to his financial condition or in respect of his intent not to pay, or of his expectation as to paying or he must have fraudulently concealed his condition or his intent not to pay, or his want of expectation that he would be able to pay.—*Loeb v. Flash*, 65 Ala. 526; *Spira v. Hornthall*, 77 Ala. 137; *McCormick v. Joseph*, 77 Ala. 236; *Hornthall v. Schonfeld*, 79 Ala. 107; *Kyle v. Ward*, 81 Ala. 120; *LeGrand v. Eufaula National Bank*, 81 Ala. 123; *Robinson & Ledyard v. Levi*, 81 Ala. 134; *Wollner & Lowenstein v. Lehman, Durr & Co.*, 85 Ala. 274; *Darby & Co. v. Kroell*, 92 Ala. 607; *Johnston v. Bent*, 93 Ala. 164; *Traywick v. Keeble*, 93 Ala. 498; *Cohn Bros. & Co. v. Stringfellow*, 100 Ala. 242; *Hudson v. Bauer Grocery Co.*, 105 Ala. 200. It cannot be said that this is a very happy or concise statement of the doctrine. One who comes to buy goods on a credit impliedly represents that he is or will be able to pay for them, and

that he intends to pay for them, and he impliedly promises
to pay for them; and he knows that the seller parts with
them on the faith of these implied representations and
this implied promise. If in fact he intends not to pay
for them, or if he has not reasonable expectation of pay-
ing for them, and is insolvent or in failing circum-
stances, so that payment cannot be coerced, he deceives
the seller and practices a fraud upon him in the very act
of purchasing his property. The purchase itself being
a representation that the buyer intends to pay the price,
to so represent or profess by the act of purchasing, when
in truth he intends to do the contrary, "is as clear a case
of misrepresentation and of fraud as could be made."—
Bigelow on Frauds, 484; *Swift v. Rounds*, 33 L. R. A.
561. Obviously, there need be no misrepresentation by
word of mouth, and no affirmative concealment, so to
speak, of the purchaser's insolvent condition, or of his
intention not to pay, or of his want of reason-
able expectation of being able to pay. If these
facts exist, *and are not disclosed*, the seller, proceed-
ing, and known by the purchaser to be proceeding, on
the assumption of their non-existence, or, in other words,
on the assumption that the purchaser is solvent and in-
tends and reasonably expects to pay, is deceived and de-
frauded. This inaptness of the terms in which the doc-
trine is stated first above from our own decisions, and
the necessity for a qualification thereof, have been fully
recognized by this court. Thus, in *LeGrand v. Eufaula
National Bank*, 81 Ala. 123, *supra*, it is said that "an in-
tentional concealment of, or failure to disclose one's
financial status would be *per se* fraudulent," and the
same would, of course, be true in respect of a conceal-
ment of, or *failure to disclose*, the would-be purchaser's in-
tention not to pay, or that he had no expectation of being
able to pay. And so in *Hudson v. Bauer Grocery Co.*, 105
Ala. 200, *supra*, it is unequivocally held that the mere
failure of the purchaser to disclose his insolvency and
his intent not to pay to the seller, is to all intents and
purposes a fraudulent concealment thereof within the
meaning of the rule. On these principles and authori-
ties, we feel safe in restating the rule as follows: A sale
and purchase of goods is fraudulent and open to disaf-
firmance by the seller, when the purchaser was at the
time thereof insolvent, or in failing circumstances, and

had the design not to pay for them, or had no reasonable expectation of being able to pay for them, and either represented that he was solvent or intended to pay or had reasonable expectation of being able to pay, or failed to disclose his financial condition or the fact that he did not intend to pay or expect to be able to pay for the goods. This is the sense and substance of the rule as laid down in our own cases with the qualification or explanation which there accompanies it; and in the form we have given it no tendency is involved to mislead to the conclusion that an affirmative, fraudulent concealment is essential to its application, an illustration of which is found in the case at bar.

The action of the trial court in giving charge 2 requested for the plaintiff, and in refusing charges 12, 13 and 14, asked by the defendant, is fully sustained by the foregoing views of the law in the premises.

It was not essential to a recovery by plaintiff that *bad faith* on the part of Mrs. Maxwell should be shown, assuming that she paid value for the goods. It would have been quite sufficient to a verdict against her if the jury had found that she knew facts and circumstances which should have excited inquiry on her part, which if diligently prosecuted would have led to a knowledge of fraud of J. K. Maxwell & Co., and that either her suspicions were not thereby aroused, or that she negligently failed to prosecute the inquiry. And while the purchase by her under these circumstances would have been a purchase constructively in bad faith, or in what the law deems bad faith, though untainted with any evil intent, the jury would not have so understood charges 4 and 5 requested for defendant in all probability; but to the contrary they might have been misled thereby to the conclusion that their verdict should be for the defendant unless they believed Mrs. Maxwell had actually and affirmatively intended to defraud. These charges were, therefore, properly refused.

The fact that one of the firm of purchasers represented to the agent of the seller, who made the sale involved here, a year before such sale, that his firm owed only one hundred dollars, when in fact they owed largely more than that, though perhaps of little probative force because of the lapse of time, was yet pertinent, relevant and material, as tending to show concealment of their

insolvent condition from the party who subsequently made the sale involved here.—*Robinson & Ledyard v. Levi*, 81 Ala. 134.

We have considered all the rulings of the trial court referred to in the brief of appellant's counsel, and find no error in them.

Affirmed.