# McKenzie *v.* Weineman, Hirschman & Co.

*Statutory Trial of the Right of Property.*

1. *Statutory claim suit; fraud in the purchase of goods; admissibility in evidence of statement of financial condition.*—Where a claim is interposed to goods which have been levied upon under an attachment, and the claimant bases his right to the goods upon the ground that the defendant in attachment bought them on credit from him by the

[McKenzie v. Weineman, Hirschman & Co.]

making of false representations as to his financial condition, and the evidence shows that the defendant in attachment, after representing to the plaintiff what he was worth, referred him to the statement of his financial condition which had been sent to another merchant, and that the claimant had written to and received a reply from such merchant stating what the defendant claimed to be worth, as shown by such statement, said statement of the defendant's financial condition, as rendered to the other merchant, is admissible in evidence.

2. *Same; same; evidence that some of the goods had been received by third party admissible.*—Where a claim is interposed to goods which have been levied upon under an attachment, and the claimant bases his right to the goods upon the ground that the defendant in attachment bought them on credit from him by the making of false representations as to his financial condition, evidence that a third person, subsequent to the defendant's failure, received some of the goods, is admissible, where there is other evidence tending to show that such third person was associated with the defendant in a scheme to buy the goods on a credit and thereafter to fail.

3. *Same; same; same.*—In such a case, evidence that such third person procured from the defendant the power of attorney to confess judgment in favor of the plaintiff in the attachment suit, is also admissible, it appearing that such third person and the defendant in attachment were relatives and business relations existed between them.

4. *Sale of goods on credit; right of seller to rescission of sale, by reason of fraud on the part of the purchaser.*—The vendor of goods on a credit has a right to disaffirm the sale and is entitled to a recovery of such goods, where it is shown that the purchaser at the time of the sale was insolvent, and did not intend to pay for them, and made to the vendor false representations of his financial condition.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory claim suit, which was instituted by the appellees interposing a claim to certain property levied upon under an attachment sued out by the appellant, W. R. McKenzie, against one H. Blumberg. Issue was made up between the plaintiff in attachment and the claimants for the trial of the right of property, under the direction of the court. The property claimed was goods or merchandise sold by the claimants to Blumberg a short time before his failure. The evidence in the case and the facts pertaining to the rulings of the court upon the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the claimants, gave to the jury the following written charges, to the giving of each of which

the plaintiff separately excepted: (1.) "If the jury believe from the evidence that on the 2d day of August, 1895, Blumberg was insolvent, and that he did not intend to pay the claimants for the goods, and made a false statement or representation of his financial condition, they can not find for the plaintiff." (2.) "The court charges the jury that if they are reasonably satisfied from the evidence that Blumberg obtained the goods in question from the claimants by false representation as to his financial condition, and at the time said representation was made by Blumberg (if from the evidence they believe he made such representation) he was insolvent and had no intentions of paying for the goods, that their verdict will be for the claimants."

There were verdict and judgment for the claimants. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the giving of the charges requested by the claimants.

M. E. MILLIGAN and H. A. PEARCE, for appellants, cited *Darby & Co. v. Kroell*, 92 Ala. 607.

ESPY & FARMER, *contra*, cited *Maxwell v. Brown Shoe Co.*, 114 Ala. 304; *LeGrand v. Bank*, 81 Ala. 123; *Hudson v. Bauer Grocery Co.*, 105 Ala. 200.

HARALSON, J.—There is no dispute as to the fact, that the goods claimed by the claimants, Weineman, Hirschman & Co., constitute the bill of goods which was purchased by the defendant in attachment, H. Blumberg.

The evidence tended to show, without conflict, that said Blumberg, when he purchased the goods from claimants, represented to them that he was worth $8,000, over and above all liabilities; that he had made a statement of his financial condition to Wm. T. Beedler & Co. of Baltimore, which was correct, and referred claimants to that statement. He thus represented to claimants such statement to be true, showing his financial condition, and as the basis of his credit with them in the purchase of said goods. The evidence further showed that claimants, acting on this representation and reference, before they shipped the goods to Blumberg, wrote to Beedler & Co., and received, the next day, a reply, stating that Blumberg claimed to be worth, net,

$7,800. Whether or not Blumberg's statement accompanied this letter does not certainly appear. But, the claimants, after proving its due execution, offered it in evidence. It was dated June 15, 1895, and the reply of Beedler & Co. to claimants was dated July 27, 1895. The goods were bought and shipped, therefore, as appears, after the latter date. To the introduction of this statement plaintiff in attachment objected, on the ground that it was irrelevant and immaterial, and because it was not shown that claimants ever saw the same before they shipped the goods to Blumberg. The statement purported to show the exact financial condition of the defendant on the day the same was made, which the evidence tended to show was false and fraudulent. It was the one to which claimants were referred as a correct showing of his financial condition on which Beedler & Co. made a statement to claimants that defendant claimed to be worth, net, $7,800,—less by $52.40 than the amount as shown by said statement. The claimants were entitled to introduce it, with the other evidence, under these circumstances, as tending to show that defendant had committed a fraud upon them in purchasing said bill of goods.

The claimants also proved by a witness, Kirkland, that he was the clerk of defendant in the year of 1895, and at the time the goods were purchased; that defendant went East in July, 1895, and after his return in August he told witness, about 1st of September, "that it was agreed that he should fail," and that this agreement was made in May. It was shown by the same witness, that on Sunday before his failure, defendant packed a lot of goods in two trunks and carried them off, which two trunks were afterwards found in the possession of one Wicks, and these goods, at their invoice price, were worth $400. The defendant testified that he had been approached by said Wicks and one Berham, who proposed to him to fail and they would divide profits with him, but he stated that he had refused the proposition. He was asked by the claimants, "If Wicks did not get a part of the goods just after the failure?" and he said he did. This inquiry was objected to by plaintiff, as calling for illegal and irrelevant evidence, and because it called for something that happened after the defendant's failure. But there was no error in ad-

mitting it. The evidence referred to, tended to show that Wicks was a confederate of the defendant in the scheme of his buying on credit and breaking afterwards, to make money, and the fact that Wicks received a part of the goods after defendant's failure, tended to establish that fact.

Wicks, as shown, was a brother-in-law of the plaintiff, and there were business relations between them. The defendant was asked: "If Wicks did not procure his, Blumberg's, signature to a power of attorney to B. J. Moody, Esq., so that judgment could be obtained at the first term of the court on McKenzie's attachments?" and he replied he did. Against the objection of plaintiff that it was irrelevant and immaterial, the court allowed the question and answer. This power of attorney, procured by Wicks under the circumstances disclosed, was some evidence proper for the consideration of the jury, as tending to show Wicks' interest in the failure, and the agreement deposed to by claimants' witness, Kirkland,—that there was an understanding between defendant and Wicks, before the purchase of these goods, that defendant should fail in the interest of himself and Wicks. This was competent to be shown, as tending to establish the fraud of defendant in buying the goods from claimants.

The two charges asked and given by the court were, under former decisions of this court, free from error. *Maxwell v. Brown Shoe Company*, 114 Ala. 304; *Hudson v. Bauer Grocery Co.*, 105 Ala. 200; *LeGrand v. Eufaula Nat. Bank*, 81 Ala. 123.

Affirmed.