## McBRIDE & McMILLAN v. KYLE.
### (8 Div. 444.)

(Supreme Court of Alabama. April 6, 1922.)

**Sales ⊜234(5)—Bona fire purchaser from owner of voidable title protected.**

Where original owner of a mule was fraudulently induced by a forged order to sell it to a third person, who sold it to a bona fide purchaser for value without notice, the latter was entitled to protection against the original owner.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Detinue for the recovery of a mule by Geneva Kyle against McBride & McMillan. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Plaintiff testified, and was corroborated, that he purchased the mule from a white man and a negro on the courthouse square in the city of Huntsville, and had the mule about a week when Mr. McBride claimed the mule, and took him out of the buggy to which

he was hitched, and carried him back to his stable.

David A. Grayson, of Huntsville, for appellants.

Appellants cannot lose their property, when they did not mean to part with the title, and possession was obtained from them by fraudulent methods, they not being a party to a conditional sales contract. Tiffany on Sales, 52; 67 Ala. 139, 42 Am. Rep. 104; 81 Ala. 148, 1 South. 37; 87 Ala. 328, 6 South. 300; 93 Ala. 259, 9 South. 285, 12 L. R. A. 700; 110 Ala. 244, 20 South. 89; 119 Ala. 98, 24 South. 857; 97 Ala. 573, 12 South. 77.

Lanier & Pride, of Huntsville, for appellee.

A bona fide purchaser will be protected, even though his vendor acquires the goods by fraudulent or false pretenses, amounting under the statute to a felony. 35 Cyc. 361; 132 Ala. 618, 32 South. 714; 108 Ala. 629, 18 South. 688.

McCLELLAN, J. Detinue instituted by appellee against appellants to recover a mule. The mule belonged to appellants. The appellee later bought the mule, for a cash consideration, on the streets of Huntsville. He claimed to be, and was by the court below held, an innocent purchaser for value and without notice

On a fraudulent order, over the forged signature of "J. H. Bowers," promising to join in a mortgage to secure the purchase price, appellants delivered the mule to a darky named Lucket. One of the appellants testified that no sale of the mule was then or later made; but, to the contrary, the delivery of the mule to Lucket was for the purpose of permitting, the mule to be taken by the negro to Bowers' farm, for Bowers to inspect the animal. Manifestly, the effect of this testimony by one of the appellants was to show that no sale was then consummated; that the title did not pass to Lucket or to Bowers. This testimony for appellants was contradicted by that given by appellee's witness Brooks, appellee's landlord. He testified that one of the appellants told him that "they had sold the mule to Mr. Bowers; * * * that they had sold it to the negro on the order of Mr. Bowers." In view of this conflicting evidence, touching the material inquiry whether there was a sale of the mule by appellants, whether the title passed from them, it was open to the court, trying the case without jury, to find that, though thus fraudulently thereunto induced, appellants parted with the title to the mule, consummated a sale thereof either to Lucket or Bowers.

Given that finding upon the issue of fact by the trial court—a conclusion necessary to logical progress to the judgment that was

accorded appellee—the principle stated and illustrated in Lightman v. Boyd, 132 Ala. 618, 32 South. 714, governs the case, and its application requires an affirmance of the judgment. If, as was evidently concluded by the trial court, a sale of the mule was made prior to appellee's purchase, the appellee was a bona fide purchaser for value (so far as appellants were concerned), and entitled to be so protected, notwithstanding the fraudulent device that induced appellants to part with their property "with the intention of sale." Moore v. Robinson, 62 Ala. 537; 35 Cyc. pp. 361, 362; Peterson v. Steiner, 108 Ala. 629, 18 South. 688. There was no evidence of notice of the fraud that would preclude appellee's being a bona fide purchaser, due to be protected in his rights. It is hardly necessary to state that there was no evidence of a felonious taking of the mule from appellants.

These considerations dispose of the only matter insisted upon in brief for appellants. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.